JUDGE ROMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 6136

-------------------------------------------------------------------X
YISROEL WEINBERGER,

                                  Plaintiff,

         -against-

NEW YORK STATE POLICE OFFICER MARK
PRESTIGIACOMO and OFFICER JOHN DOE,
name fictitious being intended for that of a second
unidentified police officer,

                                  Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff, YISROEL WEINBERGER, by his attorneys, BERKOWITZ & VARGAS, P.C., complaining of the Defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4.     Venue is properly laid in the Southern District of New York under 28

U.S.C. § 1391(b), in that this is the District in which the claim arose.

## PARTIES

5. Plaintiff was at all relevant times a resident of Kings County, City and State of New York.

6. At all times hereinafter mentioned, the individually named Defendants, NEW YORK STATE POLICE OFFICER MARK PRESTIGIACOMO and OFFICER JOHN DOE, were duly sworn police officers of The New York State Police and were acting under the supervision of said department and according to their official duties.

7. At all times hereinafter mentioned, the Defendants, acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York.

8. Each and all of the acts of the Defendants alleged herein were done by said Defendants while acting within the scope of their employment.

9. Each and all of the acts of the Defendants alleged herein were done by said Defendants while acting in furtherance of their employment.

## FACTS

10. On or about August 6, 2013 at approximately 1:45 a.m., Plaintiff YISROEL WEINBERGER was lawfully operating an Infiniti G37 proceeding Northbound on ST-303, in the County of Rockland, State of New York.

11. Plaintiff pulled his vehicle into a parking lot and put the car into a parked position in order to operate his cellular phone.

12. Defendants NEW YORK STATE POLICE OFFICER MARK PRESTIGIACOMO and OFFICER JOHN DOE pulled up behind Plaintiff's vehicle and

approached the Plaintiff, asking Plaintiff if he had consumed alcohol.

13. Plaintiff responded that he had not been drinking alcohol and agreed to submit to a breathalyzer test to determine his blood alcohol level. The results of the test came up negative for alcohol.

14. Despite testing negative for alcohol, Plaintiff was then told to submit to a field sobriety test. After being told by, upon information and belief, Defendant OFFICER PRESTIGIACOMO, to follow his pen with only his eyes, upon information and belief, Defendant OFFICER PRESTIGIACOMO, threatened Plaintiff to "keep your fucking head straight of I will keep it fucking straight for you."

15. After passing the field sobriety test, Defendants then demanded to search Plaintiff's briefcase. Within the briefcase, Defendants discovered Plaintiff's medications, Larazopam and Xanax, which had been properly prescribed by Plaintiff's physicians.

16. Upon information and belief, Defendant OFFICER PRESTIGIACOMO, asked Plaintiff what the medicine was and where he got it. Plaintiff explained to Defendants that he was prescribed both medications by a doctor and that he had prescriptions for both medications with him.

17. Upon Plaintiff informing Defendants that he had prescriptions for both medications and offered them his doctor's phone number, upon information and belief, Defendant OFFICER PRESTIGIACOMO, became extremely agitated, and began screaming and threatening Plaintiff, asking him if he "does heroin and cocaine."

18. Uon information and belief, Defendant OFFICER PRESTIGIACOMO, threatened to arrest Plaintiff on the spot for driving under the influence, even though Plaintiff had informed Defendants that he had prescriptions for the medications.

19. Defendants then instructed Plaintiff that he was now under arrest for possession of a controlled substance, and handcuffed him behind the back. Plaintiff told Defendants that his wrists were getting crushed, and upon information and belief, Defendant OFFICER PRESTIGIACOMO, responded "be quiet it doesn't hurt."

20. While placing the handcuffed Plaintiff into the police car, upon information and belief, Defendant OFFICER PRESTIGIACOMO, punched Plaintiff directly in the head, causing his upper lateral tooth to become fractured.

21. Upon information and belief, Defendant OFFICER PRESTIGIACOMO, then slammed Plaintiff onto the back seat of the car, causing sprains to his right wrist and right fingers.

22. Thereafter, Plaintiff was taken to a police station and was handcuffed to a bench, where he was not released until at or about 4:00 a.m. on August 6, 2013.

23. Plaintiff was charged with, *inter alia*, Criminal Possession of a Controlled Substance in the Seventh Degree and Possession of Controlled Substance in Non-Original Container.

24. In connection with this arrest, Defendants filled out false and misleading police reports and forwarded these reports to prosecutors in the Rockland County District Attorney's Office.

25. On September 10, 2013 all charges against Plaintiff YISROEL WEINBERGER were dismissed on motion of the Rockland County District Attorney's Office.

26. As a result of the foregoing, Plaintiff YISROEL WEINBERGER sustained, *inter alia*, bodily injuries which required medical attention, loss of liberty for

approximately one day, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under the color of law.

29. All of the aforementioned acts deprived Plaintiff YISROEL WEINBERGER of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

30. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the State of New York and the New York State Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. As a result of Defendants' aforementioned conduct, Plaintiff YISROEL WEINBERGER was subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

35. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants misrepresented and falsified evidence before the District Attorney.

38. Defendants did not make a complete and full statement of facts to the District Attorney.

39 Defendants withheld exculpatory evidence from the District Attorney.

40. Defendants were directly and actively involved in the initiation of criminal

proceedings against YISROEL WEINBERGER.

41. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff YISROEL WEINBERGER.

42. Defendants acted with malice in initiating criminal proceedings against Plaintiff YISROEL WEINBERGER.

43. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff YISROEL WEINBERGER.

44. Defendants lacked probable cause to continue criminal proceedings against Plaintiff YISROEL WEINBERGER.

45. Defendants acted with malice in continuing criminal proceedings against YISROEL WEINBERGER.

46. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

47. Notwithstanding the perjurious and fraudulent conduct of Defendants, the criminal proceedings were terminated in Plaintiff YISROEL WEINBERGER's favor when all charges against him were dismissed.

48. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FOURTH CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. §1983

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. The level of force employed by Defendants was objectively unreasonable and in violation of Plaintiff YISROEL WEINBERGER's constitutional rights.

51. As a result of the foregoing, Plaintiff sustained, *inter alia*, bodily injuries, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "51" as if the same were more fully set forth at length herein.

53. Defendant Police Officers had an affirmative duty to intervene to protect the constitutional rights of Plaintiff YISROEL WEINBERGER from being violated by other police officers in their presence.

54. Defendant Police Officers violated Plaintiff YISROEL WEINBERGER's constitutional rights in the presence of their police colleagues.

55. Defendant police officers had reason to know Plaintiff's constitutional rights were being violated.

56. Defendant Police Officers had a realistic opportunity to intervene to prevent the harm from occurring to Plaintiff, YISROEL WEINBERGER but failed to do so.

57. Notwithstanding this opportunity, Defendant Police Officers failed to intervene to prevent the violations of Plaintiff YISROEL WEINBERGER's constitutional rights.

58.     As a result of the foregoing, Plaintiff YISROEL WEINBERGER sustained, *inter alia*, bodily injuries, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

### SIXTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

59.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     The aforementioned individual Defendants issued legal process to place Plaintiff YISROEL WEINBERGER under arrest.

61.     The aforementioned individual Defendants arrest Plaintiff YISROEL WEINBERGER in order to obtain a collateral objective outside the legitimate ends of the legal process.

62.     The aforementioned individual Defendants acted with intent to do harm to Plaintiff YISROEL WEINBERGER, without excuse or justification.

63.     As a result of the foregoing, Plaintiff YISROEL WEINBERGER sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### UNDER N.Y. STATE LAW ASSAULT

64.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants' aforementioned actions placed Plaintiff YISROEL WEINBERGER in apprehension of imminent harmful and offensive bodily contact.

66. As a result of Defendants' conduct, Plaintiff YISROEL WEINBERGER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW: BATTERY

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Defendant police officers touched Plaintiff YISROEL WEINBERGER in a harmful and offensive manner.

69. Defendant police officers did so without privilege or consent from Plaintiff.

70. As a result of Defendants' conduct, Plaintiff YISROEL WEINBERGER has suffered severe emotional distress as well as multiple bodily injuries.

## THIRD CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW: FALSE ARREST

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Defendant police officers arrested Plaintiff YISROEL WEINBERGER in the absence of probable cause and without a warrant.

73. As a result of the aforesaid conduct by Defendants, Plaintiff YISROEL WEINBERGER was subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings.

74. The aforesaid actions by the Defendants constituted a deprivation of the Plaintiff's rights.

## FOURTH CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW: FALSE IMPRISONMENT

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. As a result of the foregoing, Plaintiff YISROEL WEINBERGER was falsely imprisoned, his liberty was restricted for an extended period of time, was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints.

77. Plaintiff YISROEL WEINBERGER was conscious of said confinement and did not consent to same.

78. The confinement of Plaintiff YISROEL WEINBERGER was without probable cause and was not otherwise privileged.

79. As a result of the aforementioned conduct, Plaintiff YISROEL WEINBERGER has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

80. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

82. The aforementioned conduct was committed by Defendants while acting within the scope of their employment.

83. The aforementioned conduct was committed by Defendants while acting in furtherance of their employment.

84. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to Plaintiff YISROEL WEINBERGER.

85. As a result of the aforementioned conduct, Plaintiff YISROEL WEINBERGER suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

86. As a result of the foregoing, Plaintiff YISROEL WEINBERGER is entitled to compensatory damages in the sum of ten million dollars (10,000,000.00) and is further entitled to punitive damage against the individual Defendants in the sum of ten million dollars ($10,000,000.00).

**WHEREFORE**, Plaintiff YISROEL WEINBERGER demands judgment in the sum of ten million dollars ($10,000,000.00) in compensatory damages, ten million dollars

($10,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
      August 5, 2014

BY: _____ RB 6314
ROBERT J. BERKOWITZ
BERKOWITZ & VARGAS, P.C.
Attorneys for Plaintiff
YISROEL WEINBERGER
225 Broadway, Suite 1607
New York, N.Y. 10007
(212) 240-3880